**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Simon Edinho Ovalles Delgado,<br>Petitioner<br>-vs-<br>Eric Rokosky, et al.,<br>Respondents. | CV-26-7218-PHX-JFM<br><br>**ORDER** |

Under consideration is Petitioner's Petition for Writ of Habeas Corpus filed October 5, 2026 (Doc. 1).

**Background** – Petitioner is a citizen and national of Venezuela, who fled from government backed gangs, and arrived in the United States on October 29, 2024 with CBP One appointment. He applied for asylum and was released with employment authorization. The statutory basis relied on to release Petitioner is undocumented. In March, 2026 Petitioner was arrested on charges of driving under the influence. Petitioner was released by state authorities and proceeded to appear at various hearings in the Mesa Municipal Court in the criminal case. On September 21, 2026, Petitioner appeared for a scheduled hearing in city court, and was detained by immigration officers on leaving the courthouse. Petitioner has been detained since. Petitioner continues to pursue his asylum and withholding of removal claims.

**Briefs** – Petitioner argues in his counseled Petition (Doc. 1) that re-detention without a pre- or post- deprivation hearing is a violation of due process, and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Respondents argue in their Answer (Doc. 6) that Petitioner's arrest constituted a material change in circumstances justifying the termination of his release, and that under the entry fiction, Petitioner is mandatorily detained under 8 U.S.C. § 1225(b) as an

"arriving" alien "seeking admission."

Petitioner has not replied, and his time to do so expired on October 13, 2026.

**Justification for Re-Detention** – Respondents argue that Petitioner's release can be terminated at any time based on a material change in circumstances. Respondents argue that Petitioner's arrest on DUI charges constitutes a material change in circumstances. However, Respondents proffer nothing to show that Petitioner has been convicted of a crime, or even had a probable cause determination by a judicial officer that he committed a crime. Rather they rely solely upon an arrest.

At a minimum, Petitioner should not be detained for civil reasons more readily than he would be held for criminal prosecution, *i.e.* upon a finding of probable cause with the burden of proof on the government. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993 (N.D. Cal. 2018) (detention of alien based solely on arrest, without probative and specific evidence to show commission of the crime, violation of due process).

Moreover, here there is a significant risk of erroneous deprivation. Unwarranted criminal arrests are generally constitutional only if an officer has found probable cause. "When a person is arrested without the benefit of a warrant supported by probable cause, the Fourth Amendment requires a judicial determination of probable cause to occur 'promptly' after their arrest." *Jones v. City of Santa Monica*, 382 F.3d 1052, 1055 (9th Cir. 2004). Here there is nothing to show that such a judicial finding of probable cause was ever made. Simply that there was an arrest.

**Basis for Detention** – Petitioner began his sojourn in the United States as an asylum applicant. Assuming Petitioner was treated by immigration officials as such, and was paroled into the country pursuant to 8 U.S.C. § 1182(d)(5), Petitioner would have never effected a cognizable entry into the United States and his due process rights would have been limited to whatever procedure was provided by Congress. *See Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026) ("unadmitted aliens entering the United States at the border [subject] to § 1225(b)(2)(A)"); *Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1097 (9th Cir. 2004) (limited constitutional protection for those on the

threshold); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) (due process limited to process prescribed by Congress).

But here, Respondents only speculate that Petitioner was released pursuant to 8 U.S.C. § 1182(d)(5), on the basis that it is the only process authorized to release aliens seeking admission. (Answer, Doc. 6 at 1, n.1.) But Respondents proffer nothing to show that the status of an alien turns upon the authority granted to immigration officials. It would seem to strain credulity to suggest that aliens who are merely allowed by immigration officials to leave the border without any restrictions could be said to have not effected an entry. Legally correct or not, freeing an immigrant to enter the country without restriction can hardly be said to be simply having one's "prison bounds…enlarged." *Leng May Ma v. Barber*, 357 U.S. 185, 189 (1958). And Respondents provide no evidence that any restrictions were placed on Petitioner at the time of his release.

Consequently, Petitioner must be deemed to have effected a cognizable entry into the United States and to be entitled to the protections of the Due Process Clause of the Fifth Amendment, and the application of 8 U.S.C. § 1226(a) and its provisions for a bond determination. *See Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026) ("unadmitted aliens present in the interior of the country [subject] to § 1226.").

Therefore, the Court concludes that Petitioner must be granted a bond determination hearing.

This is not the relief Petitioner seeks. But the form of relief in a habeas proceeding is within the discretion of the Court.

> "[The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Federal courts have a fair amount of flexibility in fashioning specific habeas relief. "A federal court is vested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus. The court is free to fashion the remedy as law and justice require and is not required to order petitioner's immediate release from physical custody."

*Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) (citations omitted).

Nothing in the Petition suggests a bond hearing is not an appropriate remedy, and

it is the remedy most closely related to the illegality alleged by Petitioner.

While Respondents have not effectively refuted Petitioner's contentions that his arrest without a pre-deprivation hearing was a denial of due process, the purpose of habeas is not to remedy every wrong suffered, but to determine the legality of present custody. In *Alvarez-Mendez v. Stock*, 941 F.2d 956 (9th Cir. 1991) the Ninth Circuit addressed a habeas petition by an immigration detainee who asserted that he had been arrested without lawful authority because the statute relied on had been adopted in the interim and was not retroactive. The Court found the statute made his present detention legal. As to the arrest, the circuit court opined:

> Although the new section 1226(e) does not retroactively authorize any of the Attorney General's acts accomplished prior to the amendment, we are concerned here only with the legality of Alvarez–Mendez's present detention. Because this case involves a petition for the writ of habeas corpus, and not a claim for damages for illegal detention, the only issue before us is whether Alvarez–Mendez's detention is illegal today. Therefore, even if his detention was illegal prior to the 1990 Act, if that Act gives the Attorney General the authority to hold Alvarez–Mendez today, his present custody is not illegal and habeas corpus is not available.

941 F.2d at 960.

Indeed, the courts have long held that "[a] writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and, if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Nishimura Ekiu v. United States*, 142 U.S. 651, 662 (1892). *See also Streeter v. Craven*, 418 F.2d 273, 274 (9th Cir. 1969) ("The district court properly concluded that defects in an arrest are not cognizable in habeas corpus."); and *Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) ("To give a person who has been illegally arrested total immunity from either criminal punishment or deportation is an excessive sanction for the illegal arrest.").

**IT IS THEREFORE ORDERED:**

(A) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** as

specified herein.

(B) Within **seven days** of the filing of this Order, Respondents must provide Petitioner a **BOND DETERMINATION HEARING** pursuant to 8 U.S.C. § 1226(a) or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

(C) In such bond hearing, an **ARREST OF PETITIONER** may not be relied upon to deny bond absent the government's provision of probative and specific evidence to permit the immigration judge to conclude there is probable cause to believe Petitioner committed the charged offense.

(D) Petitioner—including any counsel—must be given at least two days' **NOTICE** of the bond hearing.

(E) If Petitioner requests a **CONTINUANCE** of such bond hearing from the Immigration Court, Respondents must promptly notify the Court and provide the continued date for the bond hearing.

(F) Respondents must provide a **NOTICE OF COMPLIANCE** within **three days** of releasing Petitioner or providing Petitioner a bond hearing, specifying the results of the hearing or particulars of the release.

(G) Any pending motions are **DENIED AS MOOT**.

(H) The Clerk of Court must enter **JUDGMENT** in Petitioner's favor and **CLOSE** this case.

Dated: October 30, 2026

26-7218-001o Order 26 10 29 on Petition for Writ of Habeas Corpus.docx

James F. Metcalf
United States Magistrate Judge